UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MORAND, BOOKING #91980298, <br><br>                                    Plaintiff, <br><br> v. <br><br> CCA OTAY MESA DETENTION CENTER, <br><br>                                    Defendant. | Case No.:  21-CV-1742 TWR (MSB) <br><br> **ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; and (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

On October 6, 2021, Plaintiff Joseph Morand, detained at the Otay Mesa Detention Center ("Otay Mesa") in San Diego, California, proceeding pro se, filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), accompanied by a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.)  Plaintiff claims that while detained at Otay Mesa he was seen by an outside medical specialist in response to hip pain who determined he requires hip surgery, but the Otay Mesa Medical Department, which Plaintiff contends is an employee of Core Civic, a private corporation operating Otay Mesa and the only named Defendant in this action, has refused or ignored his requests for surgery, pain medication, and a cane.  (*Id.* at 2–5.)

21-CV-1742 TWR (MSB)

On December 12, 2021, the Court denied Plaintiff's motion to proceed IFP because it was not accompanied by the required financial documents and dismissed this action without prejudice for failure to satisfy the filing fee requirement.  (ECF No. 3.)  Plaintiff has now filed a properly supported motion to proceed IFP.  (ECF No. 4.)

**I.      Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

Prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1)&(4).  The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).  Plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether the action is ultimately dismissed.  *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b).

As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for,

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

21-CV-1742 TWR (MSB)

violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff checked a box in his Complaint indicating he is a convicted and sentenced federal prisoner, and the filing fee provisions of 28 U.S.C. § 1915(b) are therefore applicable in this case. (ECF No. 1 at 4.)

In support of his IFP Motion, Plaintiff has provided a Prison Certificate authorized by an accounting officer. (ECF No. 4 at 4.) During the six months prior to filing suit Plaintiff has had an average monthly balance of $50.00, average monthly deposits of $183.00, and has an available balance of $181.62 in his account at the time he filed suit. (*Id*.) Plaintiff's Motion to Proceed IFP (ECF No. 4) is **GRANTED**. The Court assesses an initial partial filing fee of $36.60. Plaintiff remains obligated to pay the remaining $313.40 in monthly installments even if this action is ultimately dismissed. *Bruce*, 577 U.S. at 84; 28 U.S.C. § 1915(b)(1)&(2).

## II.    Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A.    Standard of Review

Irrespective of whether Plaintiff is a prisoner or a civil detainee, a complaint filed by *any* person proceeding IFP is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

21-CV-1742 TWR (MSB)

U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Plausibility requires pleading facts supporting a claim for relief, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

### B.    Plaintiff's Allegations

Plaintiff alleges that in May 2020, he notified the medical department at Otay Mesa that his hip was painful and he was having difficulty walking.  (ECF No. 1 at 4.)  He states he had been sent to a specialist in April 2020, who told him he needed surgery.  (*Id.*)  Plaintiff states that: "I have been trying to get into surgery since then but the medical department states, 'they won't [can't] do anything.'"  (*Id.*)  He states that: "I have been trying to get the medical department to help me or to ask the Marshalls for surgery, but the medical department as a whole ignored me through the tablets on request and say the Marshalls won't approve it.  I can't stand on my leg anymore, I can't dry my feet, I am getting to the point of asking for help with everything."  (*Id.* at 5.)  Plaintiff alleges he has asked for and been denied pain medication, a cane, and surgery.  (*Id.*)  He seeks monetary damages to compensate him for pain and suffering and the cost of surgery.  (*Id.*)

### C.    Analysis

The Complaint states this action is brought under *Bivens* for "medical negligence." (*See* ECF No. 1 at 3.)  *Bivens* allows for a private right of action against individuals who, acting under color of federal law, violate federal constitutional or statutory rights.  *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

The only Defendant named in this action is Core Civic, a private corporation formally known as Correctional Corporation of America which is operating Otay Mesa under a contract with the federal government.  (ECF No. 1 at 1–2.)  Plaintiff may not assert a *Bivens* claim against Defendant Core Civic or its employees for medical malpractice or for deliberate indifference to his serious medical needs under the Eighth Amendment.  *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66–74 (2001) (*Bivens* liability does

21-CV-1742 TWR (MSB)

not extend to a private corporation operating a facility under contract with the federal government or its employees); *Minneci v. Pollard*, 565 U.S. 118, 131 (2012) ("[W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.  We cannot imply a *Bivens* remedy in such a case."); *see Karboau v. Clark*, 577 Fed. Appx. 678, 679 (9th Cir. 2014) (applying *Minneci* and affirming dismissal of Eighth Amendment *Bivens* claims against individual employees of private corporation operating a federal immigration detention facility because the exclusive remedy lies under state tort law).

Plaintiff could have sued Core Civic in state court under state tort law for medical malpractice or negligence, or brought suit in federal court against the United States under the Federal Torts Claim Act ("FTCA") with the option of joining Core Civic as a defendant and requesting the Court to exercise supplemental jurisdiction over state tort medical malpractice and negligence claims against Core Civic.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (detainee in federal detention facility run by private corporation could not bring *Bivens* action against corporation or its employees but could have brought an FTCA suit with the option of joining the private corporation as a defendant and requesting the district court to exercise supplemental jurisdiction over his state tort claims) (citing *Malesko*, 534 U.S. at 66 and 28 U.S.C. § 1346(b)(1) (stating that district courts shall have jurisdiction over civil actions against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."))

To the extent a liberal construction of the Complaint indicates Plaintiff intended to bring an FTCA claim, the United States is the only proper defendant in such a suit.

21-CV-1742 TWR (MSB)

*Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998). In addition to having failed to name the United States as a Defendant in this action, the Complaint fails to state an FTCA claim because, although the Complaint alleges Plaintiff has exhausted detention center administrative remedies by filing inmate grievances (*see* ECF No. 1 at 7–8, 12–14), the Complaint does not allege compliance with the FTCA's administrative claim exhaustion requirement. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.").

Accordingly, the Court sua sponte **DISMISSES** all claims in the Complaint because as currently drafted, it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### D.      Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently identify a proper Defendant and state a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III.      Conclusion and Orders

Good cause appearing, the Court:

1.      **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 4).

2.      **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the initial filing fee of $36.60 and thereafter collect the remaining $313.40 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). All payments shall be clearly identified by the name and number assigned to this action.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4.    **DISMISSES** the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5.    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order.  Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint; Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").  If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this civil action.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  January 6, 2022

_____
Honorable Todd W. Robinson
United States District Judge

21-CV-1742 TWR (MSB)